

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC LARSON and CODI LARSON, on Behalf of Themselves and a Class,  Plaintiffs,  v.  CITIMORTGAGE, INC.,  Defendant. | Case No. 08 C 5178  Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by Defendant CitiMortgage, Inc. (hereinafter, the "Defendant"). For the reasons given below, the Motion to Dismiss is **granted**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is engaged in the business of originating, purchasing, and servicing residential mortgages. In 2003, Plaintiffs Eric Larson and Codi Larson (hereinafter, the "Plaintiffs") purchased a condominium unit in Richmond, Illinois, and took out a mortgage held by Defendant and insured by the Fair Housing Administration.

On May 24, 2008, Defendant provided a payoff statement to Plaintiffs (the "Payoff Statement") in connection with their mortgage. *See* Compl. Ex. A. The first page of the Payoff Statement states that the "payoff [is] good through" July 1, 2008 and lists the "total to pay loan in full" as $96,160.02. The

Payoff Statement lists an itemized breakdown of this figure, which is comprised of: (1) the principal balance as of May 1, 2008, in the amount of $95,161.20; (2) interest from May 1, 2008 to July 1, 2008 at 5.500%, in the amount of $872.32; (3) an FHA premium, in the amount of $121.50; and (4) a fax/statement fee, in the amount of $5.00. The first page also states, in pertinent part:

> **Please refer to the reverse side of this statement for important information.** This payoff amount is good through the date shown above, unless additional account activity occurs prior to this date. (Refer to reverse of statement.) Please call 1-800-283-7918 to confirm the amount prior to sending payoff.

*Id.* (emphasis original).

The reverse side of the Payoff Statement includes the following relevant information:

> The payoff statement is calculated to the *Next Interest Due Date* to avoid any interest shortfall.
>
> **The payoff amount may change due to account activity. Please contact us at 1-800-283-7918 for an update.**

*Id.* (emphasis original). The Payoff Statement provides the following special instruction for FHA loans:

> We will accept your prepayment in full on the first day of the month and interest will be collected to that date. If we receive your prepayment on any day other than the first, interest will be collected to the first day of the following month. *Note: To avoid paying additional interest, it is to your advantage to arrange closing so that the prepayment will*

> reach us on the first day of the month, or as
> close to the end of the month as possible.

(emphasis original). *Id.* For non-FHA loans, "[t]he final payment will be calculated on a per diem basis. Any additional payoff will be refunded after the payoff is processed." *Id.* The Payoff Statement also provides that, if a customer overpays the amount owed on FHA or non-FHA loans, a refund would be sent to his or her address within thirty calendar days after the payoff. *Id.*

On May 29, 2008, Plaintiffs sold their condominium unit and closed their loan. In a letter to Defendant dated the day before the closing, Plaintiffs' counsel demanded a revised payoff amount statement listing the amount of interest due through June 1, 2008. *See* Compl. Ex. B. Plaintiffs do not allege, however, that they attempted to obtain an updated payoff figure by calling the toll-free number provided on the Payoff Statement. On May 30, 2008, the day after the closing, Defendant received from Plaintiffs $96,160.02, the amount listed in the Payoff Statement calculated through July 1, 2008.

On September 10, 2008, Plaintiffs filed a Class Action Complaint against Defendant, alleging that Defendant charged excessive interest on FHA-insured and other mortgage loans, in violation of federal and state law. Plaintiffs claim that, by providing a Payoff Statement with a payoff amount "good through" July 1, 2008, Defendant required them to pay excess interest when they closed on the sale of their property. Plaintiffs allege that

- 3 -

Defendant's "policy and practice" is "to charge interest on FHA insured loans and other loans until the first day of the month following the receipt of prepayment." Compl. ¶ 16. Although Defendant ultimately returns the extra money, "it gains the benefit of having the borrower's money for an extra month." *Id.* at ¶ 17. Plaintiffs claim that this practice breaches Defendant's contracts with borrowers (the mortgage and/or note) and violates multiple statutes. The Complaint alleges violations of the National Housing Act (the "NHA") and Housing and Urban Development ("HUD") regulations, breaches of contract and third-party beneficiary contract, consumer fraud, restitution, and violations of the Illinois Interest Act. Plaintiffs bring claims on behalf of two classes of borrowers who contracted with Defendant: (1) all FHA loan borrowers; and (2) all mortgage loan borrowers.

In its Motion, Defendant first argues that the Complaint should be dismissed in its entirety because the Payoff Statement contradicts the factual predicate underlying all of Plaintiffs' claims. Second, Defendant contends that the claims under the NHA and HUD regulations are meritless because no private right of action exists and because Plaintiffs nevertheless failed to allege any violation. Third, Defendant argues that the Complaint fails to state claims for breach of contract, restitution, and violations of the Illinois Consumer Fraud Act and the Illinois Interest Act. Finally, Defendant contends that Plaintiffs' state law claims are

barred by Illinois' voluntary prepayment doctrine and preempted by the National Bank Act (the "NBA"). Because Defendant's first challenge to the Complaint is dispositive, the Court need not address the remaining arguments.

### III. ANALYSIS

On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations in the Complaint as true, and views the allegations in the light most favorable to Plaintiffs, drawing all reasonable inferences in Plaintiffs' favor. *Bontkowski v. First Nat. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir., 1993). "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir., 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). To avoid dismissal, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007) (citing *Bell Atlantic*, 127 S.Ct. at 1965).

In its Motion, Defendant contends that the Complaint should be dismissed in its entirety because the clear and unambiguous text of the Payment Statement contradicts the factual predicate of all of Plaintiffs' claims. The Court agrees. All claims in the Complaint are based on the premise that Defendant impermissibly required

Plaintiffs to overpay the interest due on their mortgage. Specifically, Plaintiffs allege that the Payoff Statement required Plaintiffs to pay interest through July 1, 2008, in order to pay their mortgage in full for a May 29, 2008 closing.

The law is clear that the Court may consider the Payment Statement, which was attached to the Complaint as Exhibit A, in determining whether dismissal is proper. *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-55 (7th Cir., 1998). According to the Seventh Circuit, "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Id.* at 454. The Court is not bound by a "party's characterization of an exhibit and may independently examine and form its own opinions about the document." *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir., 2007). Thus, "[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Northern Indiana Gun & Outdoor Shows*, 163 F.3d 449 at 455.

The Payoff Statement on its face clearly contradicts Plaintiffs' claims that Defendant required them to pay excessive interest in order to pay their mortgage in full. The Payoff Statement was not a demand for payment for a specific amount due as of a chosen closing date, but instead was a quote for a payoff that was "good through" July 1, 2008. *See* Compl. Ex. A. In the Payoff

Statement, Defendant disclosed that $96,160.02 was the amount to pay of the loan in full "good through" July 1, 2008. The Payoff Statement did not list a specific payoff amount due on Plaintiffs' chosen closing date or any other date, however, it clearly disclosed the manner in which interest was to be calculated and paid in connection with the payoff of the loan.

The Payoff Statement provided additional helpful information to Plaintiffs to assist them in paying their mortgage in full if they so desired and to avoid paying excess interest. The Payoff Statement listed specific information for FHA-insured loans, including a warning that, on days other than the first of the month, interest would be collected to the first day of the following month. In addition, the Payoff Statement stated that "[t]he payoff amount may change due to account activity" and suggested that borrowers call a toll-free telephone number for updated information. *Id.* It also advised borrowers to call "to confirm the amount prior to sending payoff." *Id.* Plaintiffs do not allege that they called this number to determine the exact amount of money due pursuant to the terms of the mortgage on their chosen closing date.

Based on the face of Complaint and the unambiguous text of the Payment Statement, the Court finds that Plaintiffs have not sufficiently alleged that Defendant required them or any other borrowers to pay excess interest on their mortgages. Plaintiffs

have failed to allege any theory that would permit the Court to allow this case to proceed. The Court, therefore, grants Defendant's Motion to Dismiss the Complaint in its entirety.

### IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is **granted**, and all claims against Defendant are dismissed with prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

DATE: FEB 25 2009